EX PARTE JOHN P. BOATWRIGHT.

No. 24349. February 23, 1949.

78

*Eugene C. Williams, Sam L. Harrison,* and *Joe Burkett,* San Antonio, for appellant.

*M. C. Gonzales,* Assistant Criminal District Attorney, San Antonio, and *Ernest S. Goens,* State's Attorney, Austin, for the state.

KRUEGER, Judge.

Appellant, who is in custody of the Sheriff of Bexar County under and by virtue of a capias based on an indictment returned against him by the grand jury of said county wherein he is charged with the murder of Arnie Roy Surrency, applied to the Honorable W. W. McCrory, Judge ·of the Criminal District Court of Bexar County, for a writ of habeas corpus, seeking his release from custody on bail. The writ was issued as prayed for and, upon a hearing thereof, he was remanded to the custody of the sheriff without the benefit of bail. From said order he prosecuted an appeal to this court.

It seems to be appellant's contention that unless express malice is shown, he is entitled to bail as a matter of law. If he claims that express malice by word of mouth must be shown in order to justify denial of bail, then every mute person who committed murder would be entitled to bail, no matter in how wilful, wanton, and malicious a manner the killing may have been committed.

Murder is classed as a capital offense; and when the immediate facts surrounding the killing are such that if the law were properly enforced, and that a dispassionate jury would impose capital punishment, bail may be denied.

In the instant case, the proof is evident that appellant committed murder and the facts surrounding the killing, as disclosed by the record, show that appellant with a cool, calm and sedate mind inflicted seven bullet wounds; the first of which were inflicted in the cafe, and after the injured party had crawled to the door and had fallen on the sidewalk, he deliberately approached the helpless person and shot him again.

In the case of Ex Parte Rothschild, 2 Tex. App. 560 (587), there was no evidence of threats, former grudges, or ill will,

yet the record disclosed facts that showed a deliberately formed design to commit murder, and this court held that a denial of bail was justified by the facts of the case.

It is our opinion that under the facts of this case, the trial court was justified in remanding appellant without benefit of bail. Therefore, the judgment is affirmed.

Opinion approved by the Court.